This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**BANK OF AMERICA, N.A.,**
**Plaintiff-Appellee,**
**v.**
**JEROME T. ROYBAL and AMY J. ROYBAL,**
**Defendants-Appellants.**

Docket No. A-1-CA-37408
COURT OF APPEALS OF NEW MEXICO
March 27, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Nan G. Nash, District Judge

### COUNSEL

Snell & Wilmer L.L.P., Gregory J. Marshall, Jeanne Y. Sohn, Albuquerque, NM, for Appellee.

Jerome T. Roybal, Amy J. Roybal, Santa Fe, NM, Pro Se Appellants.

### JUDGES

LINDA M. VANZI, Judge. WE CONCUR:  JACQUELINE R. MEDINA, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendants, self-represented litigants, appeal from the district court's order confirming sale and special master's report. In our notice of proposed disposition, we proposed to summarily affirm because Defendants had not preserved their issue. Defendants filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In their memorandum in opposition, Defendants argue that they had preserved the issue because they filed their notices in the district court, which included language that "until and unless some objection against [their] declaration is made, there is no controversy raised regarding th[eir] declaration[,] so it must be taken that the Order Confirming Sale[,] as well as the Special Master's Report, which contained the Special Master's Deed, are all invalid." [MIO 2-3 (emphasis, internal quotation marks, and citation omitted)] Defendants contend that, because the district court did not oppose such notice, the issue is ripe for appeal. [*See* MIO 3-7]

**{3}** First, Defendants are incorrect that they fairly invoked a ruling or decision by the district court because filing notices announcing some intent does not seek a ruling or decision by the district court. Pursuant to the Rules of Civil Procedure for the District Courts, "[a]n application to the court for an order *shall be by motion* which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, *and shall set forth the relief or order sought*. The requirement of writing is fulfilled if the motion is stated in a written *notice of the hearing of the motion*." Rule 1-007(B)(1) NMRA (emphases added); *State v. Nichols*, 2006-NMCA-017, ¶ 27, 139 N.M. 72, 128 P.3d 500 (reiterating that, "in order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that *a ruling thereon then be invoked*" (emphasis added) (alteration, internal quotation marks, and citation omitted)). Defendants filed no such motion or notice of hearing of the motion, or otherwise requested an order or ruling on their notices. [*See generally* RP]

**{4}** Additionally, the Local Rules of the District Court of the First Judicial District state that:

> At the expiration of all responsive times, under Rule 1-007.1 NMRA, the movant *shall* submit to the judge assigned to the case a copy of *the motion*, any response, any reply, *and* a copy of *a request for hearing* (after filing the request with the clerk of the court) *and notice of hearing form*, if a party is seeking a hearing, in a package. The submission of the . . . package alerts the court that *the motion is ripe for decision*. The package shall be submitted either in electronic form to the judge's e-mail address or in hard copy form, or both, depending on the presiding judge's preference. Each judge's preference for the form of the package will be listed on the court's website. The notice of hearing must be submitted in Word or WordPerfect when the package is submitted electronically. Copies of the package submission must be served on all parties and the service must be indicated on the transmittal.

LR1-201(D) NMRA (emphases added). Simply waiting for time to pass after a notice has been filed meets neither of the rules' requirements.

**{5}** Second, the issue asserted on appeal, which Defendants reassert as the "preserved issue" before this Court, is: in light of the purported voidance of the

instruments, "can the special master's deed and subsequently the approval of sale be anything but void, and if so how so?" [MIO 8] As we stated in our calendar notice, this issue was not first raised in the district court, and we will not consider it on appeal. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue[,]" and "[a]bsent that citation to the record or any obvious preservation, we will not consider the issue.").

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**